**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUANA JOAQUIN NICOLAS; LEANDRO ALEXANDER FRANCISCO JOAQUIN, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   19-72061 <br><br> Agency Nos.      A208-596-011 <br> A208-596-012 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2021**
Pasadena, California

Before:  BYBEE and BENNETT, Circuit Judges, and BATAILLON,*** District
Judge.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Joseph F. Bataillon, United States District Judge for
the District of Nebraska, sitting by designation.

Juana Joaquin Nicolas appeals the Board of Immigration Appeals denial of her application for withholding of removal.[1]  "We review denials of asylum, withholding of removal, and CAT relief for substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole."  *Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014) (cleaned up) (quoting *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014)).  Under this standard, the agency determination must be upheld "unless the evidence compels a contrary conclusion."  *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (citing *INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992)).

To establish eligibility for withholding of removal, Joaquin Nicolas must demonstrate "that it is more likely than not that . . . she would be persecuted on account of race, religion, nationality, membership in a particular social group, or political opinion upon removal to [Guatemala]."  8 C.F.R. § 1208.16(b)(2).  That is, she must demonstrate that her "life or freedom would be threatened in [her

---

[1] Joaquin Nicolas does not challenge the BIA's denial of her CAT claim.  It also appears that she does not challenge the BIA's denial of her asylum claim.  But to the extent she does, her challenge would fail for the same reasons discussed herein.  *See Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016) (explaining that both asylum and withholding of removal claims require a nexus between the protected ground and the alleged persecution).

home] country *because of* [her] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3) (emphasis added).

Joaquin Nicolas must establish a *nexus* between her past or feared harm and a proposed protected ground. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 359–60 (9th Cir. 2017). The nexus standard requires her to show that the protected ground "was a reason" for her persecution. 8 U.S.C. § 1231 (b)(3)(c). She cannot do so.

With respect to Joaquin Nicolas's first proposed protected social group, "my mother's daughter," she failed to establish a sufficient nexus between the harm suffered by some of her family members and her family membership. The perpetrator has never been identified, nor has his or her motive. That some of Joaquin Nicolas's family members were killed, and the anonymous individual knew of their death, is not enough to show a nexus. The record lacks evidence that the threats and harm against her or her family members were motivated by their relationship. The threats referenced her mother's death. But the individual's knowledge of her mother's and aunt's death does not compel us to conclude that the threats were made because of her relationship to them. Thus, the BIA correctly affirmed the IJ's finding that Joaquin Nicolas failed to establish that she was

3

targeted in the past or would be targeted in the future based on her family membership.

With respect to Joaquin Nicolas being an indigenous female, she also fails to establish a sufficient nexus. The record does not compel the conclusion that she was targeted in the past or would be targeted in the future based on her status as an indigenous female.

The petition is **DENIED.**